# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONALD BERGEN,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:02-cv-458-Orl-22KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PETITION FOR AUTHORIZATION FOR PLAINTIFF'S ATTORNEY TO CHARGE A REASONABLE FEE (Doc. No. 26)** |
| **FILED:** | **March 25, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    Richard Culbertson, counsel for Plaintiff Donald Bergen, seeks permission to charge Bergen an additional[1] fee for representation before the Court pursuant to 42 U.S.C. § 406(b). Section 406(b)(1)(A) provides, in relevant part, as follows:

---

[1] Bergen was awarded attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Doc. No. 25. The additional fee is sought under a contingency fee agreement entered into between Bergen and Culbertson.

> Whenever *a court renders a judgment favorable to a claimant* . . . who was represented before the court by an attorney, the court may determine and allow *as part of its judgment* a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits *to which the claimant is entitled by reason of such judgment* . . . .

(emphasis added).

The petition is due to be denied because (1) an award of attorney's fees is not authorized by 42 U.S.C. § 406(b) under the present circumstances; (2) attorney's fees were not included as part of the Court's judgment in this case; and (3) the motion was not timely filed.

## I. PROCEDURAL HISTORY.

On September 22, 1994, Bergen filed an application with the Social Security Administration (SSA) for disability benefits. *See* doc. no. 1. Bergen's claim was denied initially and on reconsideration, after which he requested an administrative hearing. Thereafter, an ALJ issued a finding that Bergen was not disabled. Bergen requested review by the Appeals Council, which remanded his claim to the ALJ with instructions to conduct a supplemental hearing. After holding two supplemental hearings, the ALJ found that Bergen's condition was disabling as of October 19, 1998. The ALJ found that Bergen was not disabled prior to October 19, 1998. Bergen requested review of the ALJ's decision, and on March 1, 2002, the Appeals Council found no basis for review of that decision. *See* doc. no. 19.

On April 18, 2002, Bergen filed a complaint in this Court seeking review of the final decision of the Commissioner. Doc. No. 1. Bergen entered into a contingency fee agreement with Culbertson that provided for payment of a reasonable attorney fee not in excess of twenty-five percent of the total of the past-due benefits to which he became entitled by reason of a favorable judgment rendered by the Court. Doc. No. 26 ex. B.

On August 6, 2003, the presiding District Judge, the Honorable Anne C. Conway, entered an Order reversing the decision of the Commissioner and remanding the case for further proceedings on the merits pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 20. Final judgment was entered in the case on the same date. Doc. No. 21.

Shortly thereafter, Bergen filed a petition for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. No. 22. Judge Conway granted the petition and awarded attorney's fees in the amount of $2,189.98. Doc. No. 25.

On January 18, 2005, an ALJ entered a fully favorable decision awarding Bergen disability benefits. Doc. No. 26 ex. A. On March 14, 2005, the Commissioner issued a notice of award, which Culbertson represents entitles Bergen to $67,413.00 in past-due benefits as a result of his disability. *Id.* ex. C. The SSA withheld $16,853.25 (25% of $67,413.00) from this amount to pay Culbertson for representing Bergen before the Commissioner. *Id.* at 2.

On March 25, 2005, Culbertson filed his petition for authorization to charge a reasonable fee, in the amount of $14,663.27[2], for representation before this Court pursuant to 42 U.S.C. § 406(b). *Id.*

**II.    ANALYSIS.**

    A.    *The Court Does Not Have Authority to Award Attorney's Fees Under 42 U.S.C. § 406(b) Under the Circumstances of This Case.*

When presiding over an appeal from a final decision of the Commissioner denying disability benefits, a district court may remand the case to the SSA under two circumstances.

---

[2] The amount of the requested fee is calculated as follows: $16,853.25 - $2,189.98 (EAJA fees awarded) = $14,663.27.

> The fourth sentence of [42 U.S.C. §] 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing . . . .
>
> The sixth sentence of 405(g) . . . describes an entirely different kind of remand . . . . The district court does not affirm, modify, or reverse the Secretary's decision . . . . Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceedings and that evidence might have changed the outcome of the prior proceeding. . . . The statute provides that following a sentence six remand, the Secretary must return to the district court to file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (internal citations and quotation marks omitted). "Immediate entry of judgment . . . is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). When, as here, a district court enters a judgment remanding the case to the Commissioner for further proceedings on the merits pursuant to sentence four, the court loses jurisdiction over the case. *Id.* at 296-97.

The present motion concerns, among other things, the proper interpretation of 42 U.S.C. § 406(b). "In construing a statute [the Court] must begin, and often should end as well, with the language of the statute itself." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir. 1997).

Section 406(b) permits the Court to allow "as part of its judgment" a reasonable fee not to exceed 25% of the past-due benefits "to which the claimant is entitled by reason of such judgment."[3] The language of the statute is unambiguous. In order for a court to award fees under

---

[3] Pursuant to sentence four of 42 U.S.C. § 405(g), the court may reverse the decision of the Commissioner and enter an order directing the SSA to award disability benefits, if the evidence establishes without any doubt that the claimant was disabled. *Bowen v. Heckler*, 748 F.2d 629, 636-37 (11th Cir. 1984).

section 406(b), the court's judgment must (1) entitle the claimant to an award of past-due benefits, and (2) include an award of attorney's fees under section 406(b). *See Hill v. Barnhart*, Case No. 99-CV-1090-M (N.D. Okla. Feb. 9, 2005) (copy attached).

In the present case, the judgment entered by this Court reversed and remanded the case for further proceedings, without directing the Commissioner to award benefits to Bergen.[4] Therefore, Bergen was not entitled to past-due benefits by reason of the judgment. Furthermore, the judgment did not include an award of attorney's fees under section 406(b). Thus, the statute does not permit an award of attorney's fees under section 406(b) under the circumstances of this case.[5]

Despite the clear language of the statute, however, courts are divided on whether attorney's fees can be awarded under section 406(b) after a judgment is entered under sentence four of 42

---

[4] As noted above, this judgment was a final order, after which the Court was divested of jurisdiction. *Schaefer*, 509 U.S. at 297. It is not proper for the Court to "retain jurisdiction" after issuing a remand order under sentence four of 42 U.S.C. § 405(g) by withholding issuance of a judgment until the administrative proceedings are completed. *Id.* at 299. However, it appears that a court may, by local rule, establish a time after entry of final judgment in which a petition for attorney's fees may be filed, at least when the petition is collateral and independent of the merits of the case. *See White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 454 (1982) (stating, in dictum, that "district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees."). I note that *White* was decided prior to the adoption of the fourteen-day time limit for filing an attorney's fee petition contained in Fed. R. Civ. P. 54(d)(2)(B). As discussed *infra*, even if the Court is authorized to award fees in this case pursuant to 42 U.S.C. § 406(b), the petition was not timely filed under Rule 54 and the local rules of this Court.

[5] In *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002), the United States Supreme Court discussed the standard to be used in considering an attorney's fee petition under 42 U.S.C. § 406(b). The Court did not discuss the timeliness of the petition. The brief of the petitioner reflects, however, that the district court awarded benefits to each claimant. Brief for Petitioners, 2002 WL 100406 (Jan. 12, 2002). Therefore, *Gisbrecht* did not present the question of whether a court may award fees under section 406(b) if it remands a case under sentence four of section 405(g) for further proceedings on the merits, without awarding benefits to the claimant.

U.S.C. § 405(g), when the judgment reverses and remands the case for further proceedings on the merits without directing the Commissioner to award benefits to the claimant.[6] *See Durant v. Chater*, 906 F. Supp. 706, 713 (D. Mass. 1995)(declining to assume authority to award attorney's fees under 42 U.S.C. § 406(b) on remand to the Commissioner for further proceedings on the merits); *Elliot v. Gardner*, 279 F. Supp. 875 (N.D. Ohio 1967) ("Title 42 U.S.C. § 406(b)(1) . . . in using the term 'a judgment favorable to the claimant' refers to a judgment on the merits of the controversy."); *Duke v. Gardner*, 264 F. Supp. 187 (N.D. Ga. 1967) (holding that 42 U.S.C. § 406(b) does not apply unless the Court renders a judgment awarding claimant past-due benefits); *Haley v. Gardner*, 259 F. Supp. 30, 31 (N.D. Okla. 1966) ("The Court further finds that this court has not rendered a judgment favorable to claimant, but that the Appeals Council, on remand, had rendered a judgment favorable to claimant."); *but see Rohrich v. Bowen,* 796 F.2d 1030, 1031 (8th Cir. 1986) ("When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."); *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967) ("We are of the view that the court may award a fee for substantial work done before the court although the court enters no judgment for specific benefits but, instead, orders a remand to the Secretary who

---

[6] Most of these cases were decided before the United States Supreme Court decided *Melkoyan* and *Schaefer*. These Supreme Court decisions made clear that a judgment remanding a case under sentence four of 42 U.S.C. § 405(g) was a final judgment, which was not the view of many of the courts who issued decisions before *Melkoyan* and *Schaefer*. Moreover, as noted in *Durant v. Chater*, 906 F. Supp. 706, 713 (D. Mass. 1995), before *Melkoyan* and *Schaefer*, courts reasoned that an attorney could not collect fees for work before the court if the court did not permit a post-judgment application for fees under 42 U.S.C. § 406(b). After the Supreme Court held in *Melkoyan* and *Schaefer* that a sentence-four remand order for further proceedings was a final judgment for purposes of the EAJA, however, the earlier rationale no longer applied. *Id.*

ultimately honors the claim for benefits."); *Oddi v. Comm'r of Soc. Sec.*, No. 6:02-cv-1412-ORL-DAB, doc. no. 30 (M.D. Fla. 2004)(reserving jurisdiction to consider a petition for attorney's fees to be filed no later than thirty days after a final determination of entitlement to and amount of past-due benefits); *Vasquez v. Sec'y of Health and Human Servs.*, 608 F. Supp. 346, 348 (D.P.R. 1985) (following *Conner*). The United States Court of Appeals for the Eleventh Circuit has yet to opine on this issue. *Cf. Dawson v. Finch*, 425 F.2d 1192, 1194 n.4 (5th Cir. 1970) ("We need not and do not reach the Secretary's contention that under 42 U.S.C.A. 406(b) a court may not allow attorney's fees unless it renders a judgment on the merits favorable to the Claimant.").

In the absence of controlling authority, and in light of the unambiguous language of the statute, I recommend that the Court conclude that 42 U.S.C. § 406(b) does not permit an award of attorney's fees in this instance because Bergen was not entitled to past-due benefits "by reason of [the Court's] judgment," and payment of a reasonable attorney's fee was not included as "part of [the Court's] judgment."

      B.    *The Petition Was Not Timely Filed.*

Assuming, alternatively, that 42 U.S.C. § 406(b) permits the Court to award attorney's fees under the circumstances of this case, the Petition for Authorization for Plaintiff's Attorney To Charge a Reasonable Fee was not timely filed. Fed. R. Civ. P. 54(d)(2)(B) and Middle District of Florida Local Rule 4.18 both provide that a motion for an award of attorney's fees must be filed "no later than 14 days after entry of judgment." Final judgment was entered in this case on August 6, 2003. Bergen's attorney did not file his petition for authorization to charge a reasonable fee until March 25, 2005. Bergen's attorney did not request an extension of time for filing the petition within fourteen days after judgment was entered.

### III.  RECOMMENDATION.

For the reasons set forth herein, I respectfully recommend that the Court **DENY** the Petition for Authorization for Plaintiff's Attorney To Charge a Reasonable Fee (Doc. No. 26).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 16, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy